MEMORANDUM **
Chapter 7 debtor Wayne Engram, his sister Madeline Engram, and his daughter Susie Engram appeal pro se from the judgment of the Bankruptcy Appellate Panel (“BAP”) affirming the bankruptcy court’s order approving the trustee’s settlement of the estate’s interest in a state court quiet title action. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the bankruptcy court’s decision, United States v. Battley (In re Kimura), 969 F.2d 806, 810 (9th Cir.1992), and we affirm.
The bankruptcy court did not err by concluding that Madeline and Susie Engram lacked standing to object to the trustee’s settlement of the estate’s interest in the state court action. See Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.), 177 F.3d 774, 777 (9th Cir.1999) (explaining that a party has standing only if the bankruptcy court order diminishes its property, increases its burdens, or detrimentally affects its rights).
Contrary to Wayne Engram’s contention, as debtor, his interest in the state court action was property of the estate. See Turner v. Cook, 362 F.3d 1219, 1225-26 (9th Cir.2004) (stating that property of estate includes all “legal or equitable interests,” including debtor’s causes of actions (quoting 11 U.S.C. § 541(a)(1))). Therefore, his contention that he was pressured into signing the settlement agreement is unavailing.
The bankruptcy court did not abuse its discretion by approving the *307 agreement. See Martin v. Kane (In re A & C Props.), 784 F.2d 1377, 1380, 1381, 1383 (9th Cir.1986) (explaining that the approval of a compromise is not an abuse of discretion where the record contains a factual foundation establishing the compromise was fair, reasonable, and adequate).
The remaining contentions lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.